1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YDM MANAGEMENT, INC., | CASE NO.: 2:14-cv-05248-RZ |
| Plaintiff, | |
| vs. | **[~~PROPOSED~~] ORDER RE: PROTECTION OF CONFIDENTIAL DOCUMENTS AND INFORMATION** |
| UNITED HEALTHCARE INSURANCE COMPANY, INC., dba UNITED HEALTHCARE, and DOES 1-10, inclusive, | |
| Defendants. | *[Filed Concurrently with Stipulation re: Protection of Confidential Documents and Information]* |

# [~~PROPOSED~~] ORDER

The Court having considered the stipulation of the parties, served and filed concurrently herewith, and for good cause appearing, orders as follows: **IT IS HEREBY ORDERED THAT:**

1.      As used herein, "Confidential Information" shall mean and include any "Writing," as that term is defined in Federal Rules of Evidence Rule 1001(a), or any portion thereof, that is designated and supplied by one Party or a third party ("Designating Party") to another Party or third party ("Receiving Party") in this action, which contains proprietary information, trade secret information, privileged information, or PHI, and which is designated as Confidential Information for purposes of this litigation by a Designating Party.  A designation by a Party or third party of Confidential Information shall constitute a representation that counsel for that Party or third party believes in good faith that the information constitutes Confidential Information.  The Parties shall make a good faith effort to designate information so as to provide the greatest level of disclosure possible but still preserve confidentiality as appropriate.  Access to all Confidential Information shall be for the sole limited purposes of settlement negotiations, litigation of this action only (including but not limited to motions for summary judgment or summary adjudication), and trial or preparation for trial of this action only. No information or documents designated as Confidential Information may be used by anyone, including but not limited to the Parties and their counsel, for any other purpose or proceeding, including (without limitation) contract negotiations not directly related to settlement or disposition of this action, any other existing or future state court or federal court actions other than this instant action, arbitrations, and administrative proceedings.

2.     The Parties expressly understand and agree that certain documents and information relevant to the claims and defenses in this action may contain information that is subject to the Standards of Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the California Confidentiality of Medical Information Act, Civil Code §§ 56 *et seq.*, and/or other similar statutory or regulatory privacy protections.  The Parties agree that, once adopted, this Stipulated Protective Order will constitute a Qualified Protective Order under 45 C.F.R §164.512(e). The Parties further agree that, to the extent that the aforementioned statutory requirements are interpreted to be, or due to subsequent legislation become, more restrictive than the requirements of this Stipulated Protective Order, the Parties shall, where necessary, abide by such statutory requirements and/or shall negotiate in good faith a more restrictive stipulated protective order to ensure compliance with such statutory requirements.

3.     Any "Writing," as that term is defined in Federal Rules of Evidence Rule 1001(a), or any portion thereof, which a Designating Party believes in good faith contains, constitutes, reveals, or reflects proprietary information and/or trade secrets (as the term "trade secret" is defined in California Civil Code Section 3426 *et seq.*), PHI, or otherwise-privileged information, may be designated by the Designating Party as "Confidential." The Designating Party shall designate the Confidential Information by clearly marking each Writing (if the entire Writing is being designated, on its front cover or first page with an appropriate notation referencing the entirety of the Writing) or page (if only specific pages are being designated, on each page so designated) to be designated as "Confidential" with the word

1  "Confidential."

2      4.     All documents and information designated as "Confidential"

3  shall be maintained in confidence, and not disclosed, directly or indirectly,

4  including the very fact of production, to any person except as provided in

5  this Paragraph, as follows:

6          a.     the Party receiving the information;

7          b.     counsel of record in this proceeding (including members

8  and employees of such counsel's law firm) and in-house counsel for the Party

9  and employees working with such in-house counsel who are directly involved

10 in the litigation of the above-entitled matter;

11         c.     subject to the restrictions set forth in Paragraph 6 of this

12 Stipulated Protective Order, persons employed by a Party's attorneys to

13 furnish expert and litigation support services;

14         d.     directors, officers, and employees of a Party, to whom it is

15 necessary that the materials be shown for purposes of this legal action;

16         e.     pursuant to the restrictions set forth in Paragraphs 6 and 11

17 of this Stipulated Protective Order, and any other order and/or direction of

18 the Court, officers of the Court, deponents and witnesses in any legal

19 proceeding in this action for which it is relevant; and

20         f.     such other persons as hereafter may be designated by

21 written agreement of the Parties or by order of the Court.

22     5.     With respect to the examination of witnesses upon oral

23 deposition, when Confidential Information is supplied and/or when the

24 deponent's testimony contains, reflects or relates in any way to Confidential

25 Information, the reporter will be informed of this Stipulated Protective

26 Order by the Party seeking confidentiality and will be required to operate in

27 a manner consistent therewith.  The reporter shall place on the cover of any

28

deposition transcript which contains any Confidential Information the words "Contains Confidential Information."  Counsel for the respective Parties shall take appropriate steps to prevent any portions of any deposition transcript designated "Confidential" from being disclosed to any person except as provided in this Stipulated Protective Order.  Each Designating Party shall provide the other Party with a list of the page(s) of each deposition transcript and any exhibits attached thereto that the Party has designated as "Confidential."

6.     Confidential Information held by a Party may be disclosed to persons as provided in Paragraphs 4 and 5, provided that prior to such disclosure the person to whom disclosure of Confidential Information is to be made shall execute a Declaration (the "Declaration") stating that he or she has read and understood the Stipulated Protective Order, agrees to comply with its terms, and agrees to submit to the jurisdiction of the Court for enforcement of his or her agreement to comply.  Information designated as "Confidential" may be disclosed by a Party to a witness or deponent who is permitted to see such Confidential Information under this Stipulated Protective Order during the witness' testimony or the deponent's deposition provided that the Designating Party is informed of the intent to disclose the Confidential Information to the witness or deponent and is given the opportunity to object, and if there is no objection, the witness or deponent has executed the Declaration. The attorneys for the respective Parties shall maintain a file of such Declarations.

7.     In the event a Party inadvertently fails to designate information or documents as Confidential Information when copies are produced to another Party after the execution of this Stipulated Protective Order, the Designating Party shall notify in writing all recipients of the information or

document of the material's designation as Confidential Information.  The Designating Party shall specifically identify, by reference to document title, page number and/or any alpha or numeric production designation, the material being designated as Confidential Information. The Designating Party shall have the right to recover all copies of the Confidential Information and apply the "Confidential" designation and the Receiving Party shall return to the Designating Party all copies of the unlabeled Confidential Information inadvertently or unintentionally disclosed.  The inadvertent, unintentional or *in camera* disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's or third party's claims of confidentiality.

8.     If any Party objects to the designation of materials being marked as "Confidential", the Party shall state the objection by letter to all counsel of record in this case.  If the Parties are unable to resolve the objection, any Party may move the Court for an order that the challenged material does not qualify as Confidential Information under California and/or applicable Federal law.  Until the Court rules on the objection, the disputed material shall be treated as Confidential Information.  Neither Party shall be obliged to challenge the propriety of a designation of material as Confidential Information, and the failure to do so shall not preclude a subsequent challenge on the propriety of such designation, unless prejudice can be shown by the Designating Party to have resulted from the delay in challenging the designation.

9.     Following a Party's receipt of documents subpoenaed from a third party, any Party may designate which, if any, of those documents shall be considered Confidential Information.  The third party or parties producing such documents also may designate which, if any, of those

documents shall be considered Confidential Information.  All such documents so designated shall be handled in accordance with this Stipulated Protective Order.  Upon any Party or non-party making such a designation, subpoenaing counsel shall consider all such designated documents Confidential Information and handle the same in accordance with this Stipulated Protective Order.

10.   In the event any Confidential Information is used in any pretrial or discovery proceeding in this action, it shall not lose its confidential status through such use.  All Confidential Information and pretrial deposition testimony given in this action which contains or discloses Confidential Information shall be presented only to persons authorized by the terms of this Stipulated Protective Order to have access to such Confidential Information.

11.   If any Party intends to file any documents, including deposition transcripts, containing Confidential Information with the Court, the Party shall seek an appropriate order from the Court in compliance with any applicable statutes and/or Rules of Court that the Confidential Information be filed under seal.  The filing Party shall request an order that the Confidential Information shall be kept by the Court under seal, and shall be made available only to the Court and the Court's staff and to the persons authorized by the terms of this Stipulated Protective Order to have access to Confidential Information.

12.   In the event that the Receiving Party is served with legal process, other than an order of a court or tribunal, seeking the production of Confidential Information obtained through discovery in this litigation and protected by this Stipulated Protective Order, the Receiving Party shall promptly notify the Designating Party whose Confidential Information is

sought by service of the legal process and shall afford the Designating Party a reasonable opportunity to object to the production of the Confidential Information.  The Receiving Party shall not produce any Confidential Information in response to the legal process, except as ordered by a court or a tribunal, until the Designating Party has had an opportunity to object to such process and either declined to object or has had an objection overruled by a court and appeals therefrom waived or exhausted. In the event that the Receiving Party is subject to the order of a court or tribunal that would require production of any Confidential Information, Receiving Party shall promptly notify Designating Party of such order and shall make all reasonable, good-faith efforts to assist Designating Party in protecting such Confidential Information implicated by such order.

13.     By entering into this Stipulated Protective Order, neither Party waives any objections it may have to the production of any documents or information covered by this Stipulated Protective Order, including without limitation objections based on confidentiality, privilege or the right to redact certain information.  By executing this Stipulated Protective Order, neither Party acknowledges that the protections called for herein are sufficient for all documents and information, and each Party reserves the right to seek additional protections in the future, if necessary.

14.     The provisions of this Stipulated Protective Order apply to all proceedings in this matter only, including all appeals and proceedings upon remand.  These obligations of confidentiality and non-disclosure shall survive the conclusion of this action.

15.     Following the termination of this action through settlement, dismissal, or final adjudication, including all appeals, all Confidential Information designated as such by the Designating Party shall be returned to

the Designating Party, or destroyed, and all copies, summaries or transcripts thereof, and any and all other documents which contain, reflect, refer or relate to such Confidential Information which are not delivered to the Designating Party, shall be destroyed.  Upon written request, counsel of record for each Party shall attest to compliance with the terms of this Paragraph in an affidavit or declaration served on each other Party.  This Paragraph shall not preclude counsel from maintaining a file copy of Confidential Information.

16.    Nothing in the foregoing provisions regarding confidentiality shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Information, provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make disclosure of any item so designated except pursuant to the foregoing provisions.

17.    Nothing in this Stipulated Protective Order shall prevent a Party from independently obtaining publicly available information, including the final version of documents actually filed with any Federal, State, County or local legislature, regulatory authority, agency or court, nor shall this Stipulated Protective Order constitute a restriction on information independently obtained, even if a copy of a document independently obtained is otherwise provided in the Action and designated as Confidential Information.  Use of any independently obtained documents shall be subject to any confidentiality or other restrictions regarding the use or distribution of such documents imposed by the relevant authority or by law.

18.    If a Party, through inadvertence, produces any document(s) or information that it believes is protected from discovery pursuant to the

attorney-client privilege or work product doctrine, such production shall not be deemed a waiver of any privilege or protection, and the producing Party may give written notice to the Receiving Party that the document(s) or information produced is deemed privileged or protected and that return of the document(s) or information is requested.  Upon receipt of such written notice, the Receiving Party shall immediately gather the original and all copies of the document(s) or information of which the Receiving Party is aware and shall immediately return the document(s) or information in its entirety, including the original and all copies, to the producing Party, unless there is a challenge to whether the document(s) or information is covered by the attorney-client privilege and/or the work product doctrine, in which case the Parties shall meet and confer in good faith regarding the issue and, if necessary, shall submit the issue to the Court.

19.    This Stipulated Protective Order may only be modified by written agreement of counsel for the Parties, subject to the approval of the Court, provided that any such agreement be memorialized in the form of a stipulation that shall be filed with the Court and made a part of the record in this case.

20.    The Court shall have jurisdiction over the Parties hereto with respect to any dispute concerning the enforcement or interpretation of this Stipulated Protective Order.

21.    The Stipulated Protective Order may be executed in counterparts, each when taken together with the others, shall constitute a whole, as if executed simultaneously on the same document.

22.    The Parties shall jointly submit the fully executed Stipulated Protective Order to the Court for its approval and entry as an Order by the Court. In the event that the Court refuses to approve this Stipulated

Protective Order or the terms hereinabove are not reduced to an order for any other reason, the Parties expressly acknowledge their agreement to be bound by the terms of this Stipulated Protective Order under all circumstances.

Notwithstanding anything to the contrary above, this Order shall not govern in connection with dispositive motions or at trial.  If any party desires protection in connection with such matters, protection must be sought separately. Different legal standards apply at that time.

DATED: November 17, 2014

_____
**Magistrate Judge of the U.S. District Court
Central District of California**

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28